Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
Leonard Garcia

**UNITED STATES DISTRICT COURT,**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Leonard Garcia,<br><br>            Plaintiff,<br><br>     v.<br><br>PN Financial, Inc.,<br><br>            Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## PLAINTIFF'S COMPLAINT

Leonard Garcia (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against PN Financial, Inc. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

- 1 -

PLAINTIFF'S COMPLAINT

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6. Plaintiff is a natural person residing in Gilbert, Maricopa County, Arizona.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency and conducts business in Arizona.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant calls Plaintiff from telephone number, 877-588-8810.

13. Defendant calls Plaintiff on his work telephone number, at 602-713-1463.

14. Defendant leaves messages for Plaintiff on his work's shared answering machine. The messages were heard by Plaintiff's co-workers.

15. Defendant's representative, Keith Wolf, states that the call is from "the legal department of PN Financial".

16. Defendant left messages threatening to file a lawsuit against Plaintiff. To date, no lawsuit has been filed.

17. Defendant informed Plaintiff that "[he] will get an opportunity to respond to the Judge in Court" if Plaintiff or his lawyer does not return Defendant's calls.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(b)* of the FDCPA by leaving message for Plaintiff in connection with the collection of a debt on his work's shared answering machine, which were heard by Plaintiff's co-workers.

   b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of this is to harass, abuse, and oppress the Plaintiff.

   c. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   d. Defendant violated *§1692e(3)* of the FDCPA by falsely implying that the communication is from an attorney because Defendant's representative states that the call is from "the legal department of PN Financial, Inc".

   e. Defendant violated *§1692e(5)* of the FDCPA threatening to take legal action against Plaintiff even though Defendant did not intend to take such action.

   f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by stating that the call is from the legal department of PN Financial, Inc.

   g. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt because Defendant informed Plaintiff that "[he] will get an opportunity to respond to the Judge in Court" if Plaintiff or his lawyer does not return Defendant's calls.

   WHEREFORE, Plaintiff, Leonard Garcia, respectfully requests judgment be entered against Defendant, PN Financial, Inc., for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

### **DEMAND FOR JURY TRIAL**

Plaintiff, Leonard Garcia, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  October 27, 2010                KROHN & MOSS, LTD.


By: /s/ Ryan Lee

Ryan Lee
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, LEONARD GARCIA, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, LEONARD GARCIA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: October 7, 2010                              _Leonard Garcia_
                                                   LEONARD GARCIA